UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIELLA SPRINGER, WILLIAM MOORE, and ARIEL VOLQUEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & WALES UNIVERSITY, <br><br> Defendant. | Class Action <br><br> Case No. 1:24-CV-00399-JJM-PAS |

ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Plaintiffs, on behalf of themselves and all others similarly situated, and Defendant have entered into a Settlement Agreement and Release, dated December 11, 2025 ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement, which is incorporated herein in full by reference.

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3. Rule 23(e) requires the Court to determine whether a proposed settlement is "fundamentally fair, adequate, and reasonable." The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations, through which the basic terms of the Settlement Agreement were negotiated and finalized. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class and fall within the range of possible approval as fair, reasonable, and adequate.

4. The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CLASS CERTIFICATION

5. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Class defined in the Settlement Agreement as follows:

> All persons on the list of persons to whom Johnson & Wales University arrange to have sent a notice of the "Security Incident," [i.e., the security incident identified in the letter dated September 19, 2024, sent to Plaintiffs and the subject of the Amended Complaint], excluding those persons identified as being excluded in the Amended Complaint.

Excluded from the Settlement Class are Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

6. For settlement purposes only, the Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is comprised of thousands of individuals; there are questions of law or fact common to the Settlement Class; Plaintiffs' claims are typical of those of Settlement Class Members; and Plaintiffs will fairly and adequately protect the interests of the Settlement Class.

7. For settlement purposes only, the Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3): the questions of law or fact common to the Class predominate over individual questions; and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. For settlement purposes only, the Court hereby appoints Plaintiffs Daniella Springer, William Moore, and Ariel Volquez as the Settlement Class Representatives for the Settlement Class. The Court provisionally finds that Plaintiffs are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate class representatives.

9. For settlement purposes only, the Court finds the following counsel are experienced and adequate counsel and appoints them as Settlement Class Counsel for the Settlement: Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP; Leanna A. Loginov of Shamis & Gentile P.A., and Grayson Wells of Stranch, Jennings & Garvey, PLLC.

## NOTICE AND ADMINISTRATION

10. Pursuant to the Settlement Agreement, the Parties have designated Epiq Class Action and Claims Solutions, Inc, ("Epiq") as the Settlement Administrator. Epiq shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

11. The class notice must satisfy the content requirements of Rule 23(c)(2)(B), which provides the notice must clearly and concisely state in plain, easily understood language: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). The Court finds that the proposed notice program set forth in the Settlement Agreement satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provides the best notice practicable under the circumstances. The notice program is reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the processes for doing so, and the Final Approval Hearing. The Court therefore approves the notice program and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

12. The Settlement Administrator shall commence the notice program within the time required by the Settlement Agreement.

13. The Court also approves the versions of the Long Form Notice, Claim Form and Short Notice.

## **EXCLUSION AND OBJECTIONS**

14. Settlement Class Members who wish to opt out and exclude themselves from the Class may do so by notifying the Settlement Administrator in writing, as provided in the Settlement

Agreement, and postmarked no later than 60 days after Notice Deadline. The request for exclusion (or "Opt-Out") must be in writing and clearly manifest a Person's intent to be excluded from the Settlement Class. Persons wishing to opt-out of the Settlement Class will only be able to submit an opt-out request on their own behalf; "mass" or "class" opt-outs will not be permitted. All requests for exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

15. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of a Final Approval Order and Judgment.

16. Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the Court in accordance with the procedures outlined in the Class Notice by 60 days after Notice Deadline, it must be in writing, postmarked by the Objection Deadline, filed with/or mailed to the Court and the Settlement Administrator and must include: (a) the name of the proceeding; (b) the Settlement Class Member's full name, current mailing address, email address, telephone number, and personal signature; (c) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (d) the identity of any attorneys representing the objector; (e) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (f) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any); (g) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous five (5) years; and (h) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

17. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the notice program and Settlement

Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

## **FINAL APPROVAL HEARING**

18. The Court will hold a Final Approval Hearing on **Wednesday May 13th, 2026 at 11:00 AM EST** in United States District Court, District of Rhode Island, One Exchange Terrace, Federal Building and Courthouse, Providence, Rhode Island 02903, or as otherwise ordered.

19. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) the preliminary appointment of Settlement Class Counsel should be made final; (d) the preliminary appointment of Plaintiffs as Settlement Class Representatives should be made final; (e) Settlement Class Counsel's motion for attorneys' fees and Litigation Expenses should be granted; (f) the Service Awards sought for Plaintiffs should be granted; and (g) a final judgment should be entered.

20. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

21. All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

22. All Settlement Class Members who do not validly opt out and exclude themselves will be enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

23. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (i) the Settling Parties shall be restored to their respective positions in

the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*; and (iv) the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to either Parties' position on the issue of class certification or any other issue.

**IT IS SO ORDERED**.

Dated: **1/5/2026**

_____
Hon. John J. McConnell, Jr.
CHIEF UNITED STATES DISTRICT JUDGE

## SETTLLEMENT TIMELINE

| Event | Deadline |
|---|---|
| **Defendant to Settlement Fund** | 10 days after Preliminary Approval Order |
| **Settlement Website available for viewing** | 1 day prior to commending Notice Program |
| **Defendant to deliver the Class Member Information to Settlement Administrator** | 15 days after Preliminary Approval Order |
| **Notice Program Begins (Postcard Notice Sent)** | 30 days after Preliminary Approval Order ("Notice Deadline") and to be completed 45 days prior to initial Scheduled Final Approval Hearing |
| **Deadline to File Claim Forms** | 60 days after the Notice Deadline |
| **Deadline to file Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards** | 45 days prior to Final Approval Hearing |
| **Opt-Out Deadline** | 60 days after the Notice Deadline |
| **Objection Deadline** | 60 days after the Notice Deadline |
| **Final Approval Hearing** | **Wednesday May 13th, 2026 at 11:OO AM**. |